UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**ARTIE FAY BOSHELL,**       )
                             )
    **Plaintiff,**           )
                             )
vs.                          )       Civil Action Number
                             )       **6:14-cv-01663-AKK**
**CAROLYN W. COLVIN, Acting**)
**Commissioner, Social Security** )
**Administration,**          )
                             )
    **Defendant.**

## MEMORANDUM OPINION

Plaintiff Artie Fay Boshell ("Boshell") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that her decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I.    Procedural History

Boshell filed her applications for Title II disability insurance benefits and Title XVI Supplemental Security Income on November 17, 2010, alleging a

disability onset date of January 30, 2009 due to back pain, a hernia, a bulging disc, and osteoporosis. (R. 131-37, 148, 152-54). After the SSA denied her applications on February 11, 2011, Boshell requested a hearing. (R. 80-81, 84-87). At the time of the hearing on December 31, 2012, Boshell was 46 years old, had completed the seventh grade, and had past relevant medium-skilled work as a fast food cook. (R. 45, 57). Boshell has not engaged in substantial gainful activity since January 30, 2009. (R. 153).

The ALJ denied Boshell's claim on February 19, 2013, (R. 9-11, 22), which became the final decision of the Commissioner on June 27, 2014 when the Appeals Council refused to grant review. (R. 1-3). Boshell then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II.   Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.   Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that [her] condition could reasonably be expected to give rise to the pain [she] alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.  *Id*.

## IV.   The ALJ's Decision

In performing the five-step analysis, the ALJ found that Boshell had not engaged in substantial gainful activity since January 30, 2009 and therefore met Step One (R. 14). Next, the ALJ found that Boshell satisfied Step Two because she suffered from the severe impairments of "degenerative disc disease, polyarthralgias, bronchitis, gastroesophageal reflux disease (GERD), depression and anxiety." *Id.* The ALJ then proceeded to the next step and found that Boshell did not satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments." (R. 15). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that Boshell:

> has the residual functional capacity ["RFC"] to lift and carry 20 pounds occasionally and 10 pounds frequently; sit six hours in an eight-hour day; stand and walk six hours in an eight-hour day; she should never climb ladders, ropes or scaffolds; and she can occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl. The claimant can maintain attention and concentration for two-hour periods at a time; she should avoid concentrated exposure to environmental irritants, such as dust, fumes, odors and gases, and poorly ventilated areas; she can frequently push and/or pull with her right upper extremity, but she is precluded from overhead reaching with her right upper extremity. She should avoid prolonged or repetitive rotation, flexion and hyperextension of the neck; is limited to simple, routine and repetitive tasks; may have occasional interaction with the general public; and she may have frequent interaction with co-workers and supervisors.

(R. 17). In light of Boshell's RFC, the ALJ determined that Boshell "is unable to perform any past relevant work" as a fast food cook or furniture assembler. (R. 21). Lastly, in Step Five, the ALJ considered Boshell's age, education, work experience, and RFC, and determined that "there are jobs that exist in significant numbers in the national economy that [Boshell] can perform." *Id.* Therefore, the ALJ found that Boshell "has not been under a disability, as defined in the Social Security Act, from January 30, 2009." (R. 22).

## V.     Analysis

Boshell raises one main argument on appeal: she argues that the ALJ erred by finding "not entirely credible" her statements concerning the intensity, persistence, and limiting effects of her pain symptoms.[2] *See* doc. 9 at 13-19; (R. 18). At issue here is the ALJ's finding that although Boshell's medically determinable symptoms "could reasonably be expected to cause the alleged symptoms," the alleged "intensity, persistence and limiting effects of these symptoms" were not entirely credible. (R. 18). Based on the record, the court agrees.[3]

When faced with a claimant who shows that a "medically determinable impairment . . . could reasonably be expected to produce [the alleged] symptoms," the ALJ must evaluate the "intensity and persistence" of the alleged symptoms to

---

[2] Boshell also objects to the ALJ's RFC determination, seemingly on the basis that it is not supported by objective medical evidence. Doc. 9 at 1, 13. However, she advances no arguments in support of this objection beyond those contesting the ALJ's finding that Boshell's testimony was not credible. As such, the court will deem this argument waived. *See N.L.R.B. v. McClain of Georgia*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting argument and citations to authorities, are generally deemed to be waived.").

[3] The ALJ also deemed Boshell's testimony regarding her mental health symptoms not entirely credible based on the fact that Boshell "ha[s] not followed up on [her doctor's] suggestions for counseling." (R. 18-20). In her hearing, however, Boshell stated that she had not pursued counseling and therapy because she "do[esn't] have the $33 to go. [She] do[esn't] like asking [her] daughters for money." (R. 41). While noncompliance with treatment cannot be a basis for discrediting a claimant's subjective symptoms when poverty is the reason the claimant did not pursue treatment, *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("[P]overty excuses noncompliance" with prescribed treatment.), the ALJ here has committed harmless error in this case, *see Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("[W]hen an incorrect application [of the law] results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."). Boshell asserts no limitations due to mental health in her daily activities report, (R. 167-174, 182-186); her medical records reflect limitations on her daily activities only after family stress or trauma, (R. 421, 423, 434); and, regardless, the ALJ considered Boshell's purported mental symptoms when limiting her to "occasional interaction with the general public and frequent interaction with co-workers and supervisors." (R. 20).

determine if they limit the claimant's capacity for work.[4] 20 C.F.R. §§404.1529(b)-(c). Factors to consider include: the claimant's daily activities; the location, duration, frequency, and intensity of pain and other symptoms; precipitating and aggravating factors; measures the claimant has taken to relieve pain; and other factors concerning functional limitations. *Id.* If an ALJ rejects a claimant's subjective testimony, she must articulate reasons for that decision; otherwise, as a matter of law, the claimant's testimony is accepted as true. *Hale*, 831 F.2d at 1012.

Boshell contests the ALJ's determination that her subjective pain testimony was inconsistent with Boshell's treatment records and examinations.[5] (R. 20). Boshell claims that she has difficulty holding anything over five pounds in her right hand, that she is unable to bend over, and that she has pain rated a seven or eight out of ten in severity. *See* (R. 36, 38-39, 45, 47, 50). However, Boshell's medical examinations reveal, among other findings, that she had "5/5 strength [for] all muscle groups," "normal muscle tone," "unremarkable" findings from

---

[4] The ALJ here did not explicitly apply the *Hand* standard that the Eleventh Circuit outlines for pain; however, the ALJ's analysis makes clear that she did appropriately rely upon the standard in making her credibility determination. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) ("Although the ALJ d[id] not cite or refer to the language of the three-part test . . . his findings and discussion indicate that the standard was applied. Furthermore, the ALJ cites to 20 C.F.R. § 404.1529, which contains the same language regarding the subjective pain testimony that this Court interpreted when initially establishing its three-part pain standard.").

[5] Boshell also argues that "the ALJ did not sufficiently question [Boshell] about her daily activities" at her hearing, therefore rendering the ALJ unable to explain whether Boshell's daily activities were consistent with her pain testimony. Doc. 9 at 18. The court finds otherwise. First, Boshell, as the claimant, "bears the burden of proving that [s]he is disabled" and is therefore responsible for producing evidence accordingly. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). As such, Boshell bore the burden to testify at her hearing as to the limitations on her daily activities. Second, the ALJ did question Boshell about her daily activities, (R. 36-37, 42-44), as did Boshell's attorney, (R. 45-46, 48-52). Third, the record makes clear that the ALJ considered Boshell's daily activities, as she noted that Boshell does laundry, ironing, and some cooking; sits with her boyfriend's father during the day; and rests due to the purported side effects of her medications. (R. 16, 20).

examination of her extremities, "no significant acute musculoskeletal findings," among other, similar evidence. (R. 264, 284, 286, 289-90, 292, 418, 421, 424, 426, 428, 430, 432, 434). Boshell also complains that her medications make her drowsy, (R. 41, 49-50), but her treatment notes do not reflect such a complaint and, instead, indicate that Boshell had reported no side effects. (R. 424, 430). The medical records also indicate that Boshell presented for treatment based on actions that cast doubt upon the severity of her pain: in June 2009, six months after her alleged onset date, she injured herself "lifting a lawn mower," (R. 206); in July 2009, Boshell was "moving some furniture" and hurt her lower back, (R. 204); and in August 2009, she "lifted a patient" while at work and "pulled her back," (R. 202). Accordingly, the ALJ's observation that the medical evidence does not support Boshell's contentions of pain is supported by substantial evidence.

Boshell's objective medical imaging also discredits her assertions regarding the significance of her pain testimony. Although images have been taken of Boshell's neck, back, shoulder, or abdomen ten times, none of them returned significant findings. Images of Boshell's neck and spine returned findings of "facet arthropathy" and "minimal" bulging, but otherwise the findings were "negative" or "normal." (R. 314, 320, 322, 341, 342, 375). Abdomen scans similarly revealed no significant acute findings. (R. 313, 384, 389). An image of Boshell's right shoulder

taken in October 2012 returned a finding of "mild AC joint arthropathy" but was otherwise negative. (R. 414).

Moreover, even though the ALJ did not find Boshell's subjective pain testimony entirely credible, she still accommodated for some of Boshell's asserted symptoms by imposing "a restriction to a reduced range [of] light work [that] would significantly reduce the impact of [Boshell's] impairments, particularly with respect to the limited rotation of her right shoulder, her upper respiratory issues, and the various pains in her neck, back and shoulder." (R. 20). This reduction would keep Boshell from "lift[ing] or carry[ing] much weight" and "limit[] . . . us[e of] her right upper extremity while . . . preclud[ing] . . . prolonged or repetitive rotation, flexion and hyperextension of her neck." (R. 20).

In light of the fact that Boshell's subjective pain testimony conflicts with her treatment notes and objective medical imaging, the ALJ's determination that her assertions were "not entirely credible" is supported by substantial evidence. Therefore, no basis exists for this court to grant Boshell the requested relief.

## VI.   CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Boshell is not disabled is supported by substantial evidence and that the ALJ applied proper legal standards in reaching this determination. Therefore, the

Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 28th day of October, 2015.

                                                      _____
                                                        **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE